

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00135-CR

THE STATE OF TEXAS, Appellant

V.

JOSE GUADALUPE ZERMENO, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 25148

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

The State of Texas has filed a motion asking this Court to abate the appeal to the trial court for entry of findings of fact. This appeal was brought by the State from the grant of a motion to suppress evidence. The trial court concluded that a statute mandating the draw of blood from drivers without benefit of a warrant was unconstitutional and, therefore, suppressed evidence obtained through those blood tests. The State appeals.

In its motion, the State argues that we should abate the appeal to the trial court for entry of what the State describes as "critical" findings of fact, based upon a case from San Antonio that did so. *State v. Flores*, 392 S.W.3d 229 (Tex. App.—San Antonio 2012, pet. ref'd). There is a major procedural anomaly—in that case, the court had made findings upon the request of the State, but the appellate court concluded that critical findings were not made and abated so that they could be made.

In this case, no request for findings was made until the filing of this motion. The first question is whether the State is entitled to findings of fact. The lead case on that question is *State v. Cullen*, 195 S.W.3d 696, 699–700 (Tex. Crim. App. 2006). In that opinion, the Texas Court of Criminal Appeals recognized that findings were indeed helpful to reviewing courts, and held that

> [e]ffective from the date of this opinion, the requirement is: upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts
>
> . . . .

2

> We are simply insisting that the findings be expressed by the trial court when requested by the losing party.

*Id.* at 699. The court went on to state that appellate review is not contingent on the making of a request for findings, nor forfeited by a failure to make a request, but that the trial court's ruling should be analyzed under its prior opinion in *State v. Ross*, 32 S.W.3d 853, 858 (Tex. Crim. App. 2000) (stating if non-prevailing party wishes to avoid effects of appellate presumptions of implied findings, it should attempt to get rationale for trial court's ruling on record). *Cullen*, 195 S.W.3d at 699.

In application, unlike the situation in *Cullen*, the trial court in this case did not refuse to provide requested findings—none were requested. Similarly, both in *State v. Elias*, 339 S.W.3d 667 (Tex. Crim. App. 2011), and in *Flores*, findings were made, but the trial court did not make all of the findings deemed critical by the reviewing court; thus, return to the trial court for entry of additional findings was found to be the appropriate remedy.

Because there are no criminal rules setting out the procedure for this action, the court in *Cullen* reached into the civil rules for direction and procedure. The court specifically referenced Texas Rule of Civil Procedure 297 for the purpose of explaining to trial judges when their findings were due to be filed. *See* TEX. R. CIV. P. 297. That rule states that the court shall file its findings of fact within twenty days after a timely request is filed. The preceding rule, Texas Rule of Civil Procedure 296, specifies that a timely request is one that is filed within twenty days after the judgment is signed. *See* TEX. R. CIV. P. 296.

3

As the civil rules control this procedure, in order for a request to be timely so as to require action by the trial court, it must be filed within twenty days after judgment. In this case, the order suppressing evidence was signed on June 27, 2013. Any request for findings of fact would, therefore, have been timely if filed on or before July 16, 2013. The first such request is the motion filed with this Court on August 19, 2013. It is untimely, and we, therefore, decline to abate the appeal to the trial court for the entry of formal findings.

The motion to abate for findings is denied. Appellant's brief is due August 30, 2013.

IT IS SO ORDERED.

BY THE COURT

Date:   August 28, 2013

4